| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | 2 0 2 1  TERM |

JASMINE MOORE AS SPOUSE, MOTHER, and
PERSONAL REPRESENTATIVE OF THE
ESTATE OF JACOB D. MOORE,
DECEASED,                                              )
    Plaintiffs,                              )
vs.                                                            )   CAUSE NO. 45D05-2103-CT-000223
                                                  )
TOWN OF MERRILLVILLE,                   )
INDIANA,                                                  )
CITY OF GARY, INDIANA,                    )
OFFICER P. POPOVICH, IN HIS           )
OFFICIAL CAPACITY AS A                  )
POLICE OFFICER FOR THE                 )
TOWN OF MERRILLVILLE, IN,            )
SERGEANT BARRY CLANTON           )
IN HIS OFFICAL CAPACITY AS          )
A POLICE OFFICER FOR THE             )
TOWN OF MERRILLVILLE, IN,            )
and GREGORY PHILLIPS,                   )
    Defendants.                             )

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, Jasmine Moore, as the mother of C.M., as the widow of Jacob Moore, and as Personal Representative of the Estate of Jacob Moore, Deceased, ("Plaintiff"), by Counsel, Jacob Ahler and Clifford Robinson, for her Complaint for damages against the Town of Merrillville, Indiana, City of Gary, Indiana, Officer P. Popovich, in his official capacity as a police officer for the Town of Merrillville, Indiana, Sergeant Barry Clanton, in his official capacity as a police officer for the Town of Merrillville and other unknown officers (collectively "Defendant Officers"), as well as Gregory Phillips the (collectively "Defendants") and states as follows:

**INTRODUCTION**

That the Plaintiff, Jasmine Moore, on behalf of the Estate of Jacob D. Moore, Deceased, is a resident of Jasper County, State of Indiana, and brings this action in her capacity as Personal Representative of the Estate of Jacob D. Moore.

That at all relevant times pertinent to this cause of action, Officer P. Popovich ("Popovich") and Sergeant Clanton ("Clanton") and all other unknown police officers were acting within the scope and course of duty of their employment as law enforcement officers employed by the Town of Merrillville, and the City of Gary at all relevant times in this action were acting under color of state law at the time they chased defendant Gregory Phillips to the point that Gregory Phillips lost control of his vehicle, striking and killing the decedent, Jacob Moore.

**FACTS COMMON TO ALL COUNTS**

1. On Monday, November 16, 2020 at approximately 5:48 a.m., Officer Popovich responded to a dispatch regarding an incident of an alleged trespass that took place at 6707 Broadway St. in Merrillville, Indiana.

2. Officer Popovich had been advised that a male in a silver vehicle was not wanted on the property and had been causing issues on the property and was requested to be trespass warned.

3. Officer Popovich made contact with the subject of the trespassing call, Defendant Gregory Phillips ("Phillips").

4. At some point after Officer Popovich's contact with Phillips, Phillips began to honk the horn of his vehicle and drove away once Defendant Officers approached.

5. At the time that Phillips drove away from Defendant Officers, Phillips drove away in a reckless manner through the grass and over a sidewalk curb onto Broadway in an attempt to get away from Officer Popovich.

6. At the time that Phillips left the scene, Officer Popovich initiated a pursuit by activating his police squad car, lights, and sirens in an attempt to conduct a traffic stop.

7. During the initial stages of Officer Popovich's pursuit, Officer Popovich observed Phillips strike the center median at the 6600 block of Broadway, as Phillips continued to disregard officers at a high rate of speed, travelling north bound on Broadway.

8. During Officer Popovich's chase, Officer Popovich and other members of the Merrillville Police observed Phillips travelling at a high rate of speed, nearly striking several vehicles.

9. As Merrillville police officers continued their pursuit, Phillips was preparing to cross into Gary, Indiana, where City of Gary police officers joined the pursuit.

10. Officer Popovich, as well as a number of unknown officers from the Merrillville Police Department, and the Gary Police Department responded to the call regarding Phillips and joined the pursuit as Phillips travelled north on Broadway.

11. That Officer Popovich and the unknown officers of Gary and Merrillville continued to pursue Phillips at a high rate of speed, knowing that Phillips was travelling at speeds in excess of ninety (90) miles per hour in areas with heavy vehicular and pedestrian traffic.

12. That Officer Popovich and the unknown officers maintained their pursuit at a high rate of speed with their emergency lights engaged.

13. Upon information and belief, the Defendant Officers also reached speeds in excess of ninety (90) miles per hour in areas with heavy vehicular and pedestrian traffic.

14. The Defendant Officers initiated and continued this high rate of speed through residential and retail business areas within the city limits of Hammond, Indiana, during time periods of high volumes of vehicular traffic.

15. The Defendant Officers were always fully aware that initiating and continuing a high-speed chase in the aforesaid areas at approximately 6:00 a.m. on a weekday exposed innocent and unknown drivers and pedestrians in these areas to an unreasonable risk of harm.

16. At some point, the Defendant Officers called off the pursuit but had pursued Phillips for over ten (10) miles.

17. During the pursuit, the Decedent, Jacob D. Moore ("Mr. Moore") had parked his vehicle, a blue Ford Focus, in parking lot #6 at the IU Northwest campus in Gary, Indiana.

18. Mr. Moore worked at the 3400 block on Broadway as a journeyman carpenter to work on renovations at the IU Northwest campus.

19. At some point during the pursuit, Phillips lost control of his vehicle and left the roadway, striking and killing Mr. Moore with his vehicle.

20. That Mr. Moore had no warning or notice that the Defendant Officers were conducting a high-speed chase of Phillips in the same area at the same time, nor did the Defendant Officers attempt to provide warning or notice of the same.

21. At the time of the accident, Mr. Moore was twenty-nine (29) years of age and left behind a son and wife.

22. That the Defendants' negligent acts proximately caused the death of Mr. Moore.

## COMPLAINT FOR DAMAGES

## COUNT I

## 42 U.S.C. § 1983

## (Defendant Officers)

23. Plaintiff incorporates all aforementioned paragraphs as if set forth fully herein.

24. Mr. Moore had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

25. The aforementioned actions of Defendant Officers shocks the conscience in that they acted with deliberate indifference and/or reckless disregard in the following manners:

   a. Willfully and unnecessarily commencing and continuing pursuit of Phillips despite the minor criminal allegations against Phillips

   b. Willfully and unnecessarily commencing and continuing pursuit of Phillips despite the fact that no emergency existed;

   c. Willfully and unnecessarily commencing and continuing pursuit of Phillips despite knowing that at the time pursuit commenced, Phillips did not pose a danger to the general public;

   d. Willfully disregarding their training, orders, and/or standards regarding when and where to initiate and/or cease high speed pursuits;

   e. Willfully commencing the pursuit of Phillips despite knowing that Phillips had mental health issues;

   f. Willfully and unnecessarily continuing the pursuit for a significant period of time and distance despite knowing that the pursuit was being done in a highly populated area;

    g. Willfully and unnecessarily continuing the pursuit despite knowing that pursuits in a highly populated area significantly expose members of the public to the risk of injury or death;

    h. Willfully and unnecessarily traveling at high rates of speeds well in excess of the posted speed limit, which the Defendant Officers knew, or should have known, creates a significant danger of injury or death to the general public; and

    i. Willfully and unnecessarily violating traffic laws meant to protect the general public to pursue an individual only alleged to have been trespassing and not considered a danger to the general public.

26. At all times throughout the pursuit, Defendant Officers acted with knowledge that the risk of injury and/or death was significant, but consciously refused to prevent it.

27. The risk of injury and/or death due to the Defendant Officers' actions was obvious and/or known.

28. Defendant Officers conduct placed surrounding pedestrians and motorists at risk of serious, imminent, and proximate harm.

29. As a direct and proximate result of the facts and allegations set forth above, Mr. Moore sustained fatal injuries when Phillips, while being wrongfully pursued by Defendant Officers, crashed his vehicle into Mr. Moore, causing his death.

30. Defendant Officers violated the substantive due process rights of Plaintiff to be free from state actions that deprive him of life in such a manner to shock the conscience.

31. As a direct and proximate result of the acts and omissions of Defendant Officers, Plaintiff has suffered damages as a result of the violation of his constitutional rights and incurred and will continue to incur attorneys' fees as a result.

WHEREFORE, Plaintiff, Jasmine Moore, as Personal Representative of the Estate of Jacob D. Moore, prays for judgment against Defendant Officers for compensatory damages in an amount to be determined herein, for punitive damages, for the costs and reasonable expenses of this action, for attorneys' fees, and for all other relief just and proper.

## COUNT II

### 42 U.S.C. § 1983 – *Monell* Claim for Failure to Train

### (Town Of Merrillville)

32. Plaintiff incorporates all aforementioned paragraphs as if set forth fully herein.

33. At the time of the pursuit, Defendant Town of Merrillville ("Town") failed to properly train its agents, employees, and officers, including but not limited to Defendants Popovich and Clanton regarding:

    a. When it is appropriate to initiate and continue the pursuit of a suspect;

    b. What type of suspect it is appropriate to initiate and continue a pursuit of;

    c. Where it is appropriate to initiate and continue a pursuit of a suspect;

    d. When and where it is appropriate to cease pursuing a suspect; and

    e. What rates of speed constitute a significant danger to the public and should be avoided.

34. The Town failed to properly train its officers, and specifically Defendants Popovich and Clanton, as to the proper times and places to pursue suspect.

35. The need for such training is clear and obvious provided that the Town is densely populated and high-speed pursuits create a significant threat of injury or death to the public that the Town is obligated to protect.

36. Prior to Mr. Moore's death as a result of this pursuit, the Town's training policies were inadequate with respect to training officers on high-speed pursuits.

37. Operation of Town police vehicles at high-speeds is a usual and recurring situation that the Town's officers encounter on a regular basis.

38. The need for officers to receive proper training regarding high-speed pursuits in densely populated areas was obvious.

39. Despite this obvious need, the Town failed to implement training and/or policies that would instruct its officers in the proper procedure for initiating, continuing, and ceasing a high-speed pursuit.

40. The Town knew, or should have known, that failure to implement training and/or policies regarding high-speed pursuits would likely cause injuries to members of the general public, including Mr. Moore.

41. The Town's failure to do so constitutes a deliberate and reckless indifference to the clear and obvious injuries that could occur to the general public, in derogation of the public's constitutional rights, including Mr. Moore.

42. As a result of the Defendant Town's failure to train its officers properly, the Defendant Officers wrongfully initiated a pursuit of Phillips through a highly-populated area, resulting in Mr. Moore's death.

43. As a further result of the acts and omissions of the Defendant Town, Plaintiff has suffered damages as result of the violation of his constitutional rights and has incurred and will continue to incur attorneys' fees.

WHEREFORE, Plaintiff, Jasmine Moore, as Personal Representative of the Estate of Jacob D. Moore, prays for judgment against Defendant Officers for compensatory damages in an amount to be determined herein, for punitive damages, for the costs and reasonable expenses of this action, for attorneys' fees, and for all other relief just and proper.

## COUNT III

## Wrongful Death

## (All Defendants)

Plaintiff incorporates all aforementioned paragraphs as if set forth fully herein.

44. The Plaintiff, Jasmine M. Moore, Personal Representative of the Estate of Jacob D. Moore, Deceased, brings this action for purposes of collecting damages for the wrongful death of Mr. Moore, who died on November 16, 2020 in Lake County, Indiana.

45. That Plaintiff timely served the Town or Merrillville Police Department with a Notice of Tort Claim pursuant to the Indiana Tort Claims Act in January 2021.

46. That Plaintiff timely served the City of Gary Police Department with a Notice of Tort Claim pursuant to the Indiana Tort Claims Act in January 2021.

47. That Plaintiff timely served the Lake County Commissioners with a Notice of Tort Claim pursuant to the Indiana Tort Claims Act in January 2021.

48. That Plaintiff timely served the Lake County Sheriff's Office with a Notice of Tort Claim pursuant to the Indiana Tort Claims Act in January 2021.

49. At all relevant times of this action, the Defendant Officers had a duty to exercise reasonable care in their initiation and continuation of their high-speed pursuit, so as not to cause injury to the public, which included Mr. Moore.

50. At all relevant times of this action, Phillips had a duty to exercise reasonable and due care while operating his vehicle of a public roadway, which he failed to do.

51. That the Defendants negligently and recklessly breached their aforementioned duty, which resulted in the loss of life to Mr. Moore, and are, therefore, liable for damages to the Plaintiff for all negligent and reckless acts committed by its employees acting in the course and scope of their employment as police officers.

52. That the Defendants' negligent and reckless conduct proximately caused the crash the injuries and death of Mr. Moore.

53. As a direct and proximate cause of the Defendants' negligent and reckless conduct, the Plaintiff has incurred damages which include loss of love and affection, medical, funeral, and burial expenses, lost wages, and all other damages compensable as a matter of law.

54. That at the time of his death, Mr. Moore left a spouse and a minor son, whom have been deprived of Mr. Moore's support, love, and affection.

55. That this action has been brought for the wrongful death of Jacob D. Moore, deceased, pursuant to Indiana Code § 34-23-2-1.

WHEREFORE, the Plaintiff, Jasmine Moore, as Personal Representative of the Estate of Jacob D. Moore, prays for judgment against the Defendants and requests the following relief:

1. Fair and reasonable compensatory damages;
2. For the cost of this action;
3. For an award of attorney's fees;

    4. For all other damages in an amount to be determined at trial permitted by law.

## COUNT IV

### Negligence

### (All Defendants)

56. Plaintiff incorporates all aforementioned paragraphs as if set forth fully herein.

57. That at all times the Defendant Officers owed a duty of care to Mr. Moore and other pedestrians to act reasonably and responsibly while engaged in their duty as officers of the law.

58. That at all times Defendant Philips owed a duty of care to operate his vehicle in a safe and reasonable manner while on a public roadway.

59. That the Defendant Officers breached their aforementioned duty by negligently chasing Defendant Philips on a long high-speed chase through a heavily populated area over an alleged trespassing.

60. That Defendant Philips breached his aforementioned duty by operating his vehicle in a reckless manner and driving erratically at a high rate of speed.

61. As a direct and proximate cause of the Defendants' actions, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff, Jasmine Moore, as Personal Representative of the Estate of Jacob D. Moore, prays for judgment against the Defendant Officers, the Town of Merrillville, Indiana, the City of Gary, Indiana, and Greggory Phillips and request all damages available to her as a matter of law, in an amount to be determined at trial and for all other relief that is just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial.

Respectfully submitted,

/s/ Jacob Ahler
Jacob Ahler #33944-37
209 West Washington Street
Suite C
Rensselaer IN 47978
TEL (219) 866-3435
FAX (219) 866-4606
Attorney for Plaintiffs


/s/ Clifford M. Robinson
Clifford Robinson #30826-49
205 West Washington Street
Suite B
Rensselaer, IN 47978
TEL (219) 964-4288
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

      I certify that on October 12, 2021, the foregoing document was served upon the following person(s) via IEFS:

Samantha J. Mihail
Kightlinger & Gray, LLP
8001 Broadway, Suite 100
Merrillville, IN 46410
*Attorney for Gregory E. Phillips*

Aimee Rivera Cole
Travelers Staff Counsel
PO Box 64093
St. Paul, MN 55164
*Attorney for Defendant Merrillville Police Department*

Rodney Pol, Jr.
401 Broadway 1st Floor
Gary, IN 46402
*Attorney for City of Gary, Indiana*

                          */s/ Clifford M. Robinson*
                          Clifford M. Robinson